IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL 4:05CV3140 |
| | ) | |
| v. | ) | |
| | ) | |
| TOMMY P. DAVIDSON a/k/a | ) | JUDGMENT AND DECREE |
| TOMMY PATRICK DAVIDSON and | ) | OF FORECLOSURE |
| REBECCA DAVIDSON a/k/a | ) | AND ORDER OF SALE |
| REBECCA LYNN DAVIDSON, and | ) | |
| RESIDENTIAL FUNDING | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant(s). | ) | |

Now on this 19th day of September, 2005, this cause came on for determination upon the Complaint filed herein by the Plaintiff, United States of America. The Plaintiff appears by and through its attorneys, Michael G. Heavican, United States Attorney for the District of Nebraska, and Paul D. Boeshart, Assistant United States Attorney for said District. The Defendants Tommy P. Davidson a/k/a Tommy Patrick Davidson, Rebecca Davidson a/k/a Rebecca Lynn Davidson, and Residential Funding Corporation, failed to answer or otherwise appear or plead to the allegations contained in the Complaint and said Defendants are in default in this action.

THEREFORE, the Court, having examined the record of these proceedings, and having been fully advised in the premises, finds:

That the Court has jurisdiction of these proceedings pursuant to Title 28, United States Code, § 1345;

That due and legal notice of the pendency of this action has been given;

And that the Court has acquired jurisdiction of all the parties.

AND this cause coming on further to be heard on the pleadings and the evidence and being submitted to the Court, on due consideration, the Court finds:

That each and all of the allegations of Plaintiff's Complaint are true;

That Plaintiff is entitled to a Decree of Foreclosure <u>in</u> <u>rem</u> and Order of Sale as prayed;

That the premises herein described will sell to the best advantage in one entire tract.

That there is due and owing to the Plaintiff as of August 22, 2005, the principal sum of $51,617.42, interest credit or subsidy in the amount of $3,817.00, plus accrued interest in the amount of $8,815.71, together with interest accruing at the rate of $10.4941 per day from August 22, 2005, until the date of entry of this decree. Interest will accrue on said sums from and after the date of entry of this decree at the legal rate of __3.82__% computed daily and compounded annually until paid in full. The amount due Plaintiff as stated herein is the first lien on the following described real estate in Gage County, Nebraska, to-wit:

> Lot fifty-nine (59), Jamestowne Square, Beatrice, Gage
> County, Nebraska

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

That judgment <u>in</u> <u>rem</u> should be and hereby is entered against the Defendants and the real estate which is the subject of this action.

That the above and foregoing findings are hereby made a part of this decree and order and by this reference incorporated herein;

That, if the costs as indicated below and the several amounts above found due and interest thereon be not paid within twenty (20) days herefrom, all equity of redemption in said premises be foreclosed and said premises sold as upon execution in one entire tract;

That the Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

That the United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

That, as upon execution, said United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

That, upon confirmation of said sale, said Clerk shall apply the proceeds as follows:

 First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

Third, to the payment of the costs of the United States Marshal for per diem and special requirements;

That said Clerk shall retain in the Registry of the Court any surplus from said sale until further order of the Court.

That the aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska.

And that, upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of said real estate to such purchaser(s).

BY THE COURT:

s/ *Richard G. Kopf*
RICHARD G. KOPF
UNITED STATES DISTRICT JUDGE